UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAFAEL ROSA, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00078-JPH-MJD |
| | ) |
| CENTURION HEALTH OF INDIANA, LLC, | ) |
| CUPP, | ) |
| TERRESSA, | ) |
| | ) |
| Defendants. | ) |

**Order Denying Without Prejudice Motion for Assistance With Recruiting Counsel**

Plaintiff Rafael Rosa III has filed a motion for assistance recruiting counsel. Dkt. 32. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt

1

to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Rosa has attempted to contact multiple attorneys with requests for representation without success. Dkt. 32 at 2; dkt. 32-1. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

2

In his motion, Mr. Rosa states that he only went through seventh grade in school, has some difficulty spelling and reading, and has made it this far in the case only with "major" help from other prisoners because he personally does not "know what I'm doing by myself in this civil matter." Dkt. 32 at 2–3. He also explains that he takes medication for spine pain, major depressive disorder, PTSD, schizophrenia, and bi-polar II disorder. *Id.* at 3. He states that he tried to commit suicide on August 6, 2022. *Id.* He explains that he is leaving segregation within the week and will no longer be able to receive any help from other inmates. *Id.* Finally, he states that his medication causes him to be drowsy. *Id.*

In this case, Mr. Rosa raises claims that he received inadequate care from the individual defendants for a chipped tooth. He also alleges that defendant Centurion Health of Indiana, LLC, contributed to the harm he suffered because it did not have a dentist at his facility. Dkt. 21 (Screening Order). This case is in its relatively early stages. The presiding Magistrate Judge has scheduled a discovery conference, and then the parties will proceed to merits discovery. *See* dkt. 40.

The Court recognizes that Mr. Rosa has limited formal education, has some difficulty reading and writing, is unfamiliar with the process of litigating a civil claim in federal court, and has received significant help from other inmates to this point in the case. The Court also recognizes that Mr. Rosa suffers from physical and mental health conditions and takes medications that may impact his ability to litigate on his own. The Court is sympathetic to Mr. Rosa's mental health concerns and history, but Mr. Rosa does not claim that he is currently having a mental health crisis. And the Court receives many requests for counsel from inmates who are in a position similar to his. Mr. Rosa is not unique in this regard and, as explained above, there simply are not enough attorneys available to represent every indigent litigant who might benefit from counsel's assistance.

In addition, Mr. Rosa's claims are largely fact-based and not particularly complex. At this stage of the litigation, the parties are gathering information through the discovery process. Mr. Rosa should receive a significant amount of the information he needs to litigate this case from the defendants under the Court's Scheduling Order. *See* dkt. 39 at 2–3. Moreover, to date, Mr. Rosa's submissions to this Court have been coherent and reflect an ability to ably comply with Court deadlines and communicate with the Court about this case. For example, Mr. Rosa recently filed a motion explaining that he thinks that the wrong "Nurse Theresa" has appeared as a defendant, dkt. 42, and another motion timely requesting an extension of time to serve his initial disclosures, dkt. 44. One of Mr. Rosa's motions also shows an awareness of the kinds of documents he might need to gather in discovery to support his case. *See* dkt. 33 (motion asking for production of complaints he made to the ombudsman). The Court understands that Mr. Rosa has received help with his filings, but it has been more than a week since he filed his counsel motion, and he has continued to file appropriate and coherent documents with the Court, despite the fact that—under the terms of his motion—he no longer has access to the inmate help that he was receiving. As a result, the Court finds that Mr. Rosa is competent to litigate this case pro se at this stage of the proceeding. If circumstances change, Mr. Rosa may file a renewed motion.

Mr. Rosa's motion for assistance recruiting counsel, dkt. [32], is therefore **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED**.

Date: 11/1/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RAFAEL ROSA, III
257262
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
CARLISLE, IN 47838
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com